**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTIAN CAMPBELL,**
**LAURIE ANN CAMPBELL, I.C.,**

      **Plaintiff,**

v.                                                                    **Case No: 6:24-cv-2313-PGB-DCI**

**ORLANDO POLICE**
**DEPARTMENT, ORLANDO**
**ROLON, THE CITY OF**
**ORLANDO, JOHN W. MINA,**
**DEPARTMENT OF CHILDREN**
**AND FAMILIES, DETECTIVE**
**JENNIFER WING, SERGEANT**
**STEVEN FARRIS, ANDERSON**
**BAYLOR, SKYLER SAUNDERS,**
**JENNIFER THOMAS, AMANDA**
**DIXON, KIRSTEN TEANY,**
**JANE AND JOHN DOES 1-50,**

      **Defendant.**
_____/

## ORDER

For a just and efficient resolution of this case, the parties are **DIRECTED** to read and comply with the Middle District of Florida's Local Rules. *See* Local Rule 1.01(a). While not exhaustive, this Order establishes deadlines for filings required at the initial stages of an action.

This Court makes an active effort to review each case to identify parties and interested corporations in which the assigned District Judge or Magistrate Judge may have an interest, and for other matters that might require consideration of

recusal. Compliant with Local Rule 3.03, within **fourteen (14)** days from the day of this Order or, if a party joins this action subsequent to the entry of this Order, from the date of a party's first appearance, each party, *pro se* party, governmental party, intervenor, non-party movant, and Rule 69 garnishee is **DIRECTED** to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement substantially in the form attached.[1] Each party has a continuing obligation to file and serve an amended certificate within **fourteen (14)** days of discovering any ground for amendment, for conflict of interest, for recusal, or for disqualification of the judicial officer. *See* Local Rule 3.03.

No later than **fourteen (14) days** from the date of this Order, counsel and any *pro se* party shall comply with Local Rule 1.07(c) and shall file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.07. The parties shall utilize the attached form titled Notice of Pendency of Other Actions.

The parties are **DIRECTED** to consult Local Rule 3.02 to determine whether this action requires a case management conference and case management report (CMR), or if it falls under one of the exceptions listed in Local Rule 3.02(d). If a CMR is required, utilization of the attached CMR form is mandatory. The CMR must be filed (1) within forty days after any defendant

---

[1] No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper (including emergency motions) may be denied or stricken unless the filing party has previously filed and served a Certificate of Interested Persons and Corporate Disclosure Statement.

appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases listed in Local Rule 3.02(d). These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 6, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Any Unrepresented Parties

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTIAN CAMPBELL,**
**LAURIE ANN CAMPBELL, I.C.,**

      **Plaintiff,**

v.                                                      Case No: 6:24-cv-2313-PGB-DCI

**ORLANDO POLICE DEPARTMENT, ORLANDO ROLON, THE CITY OF ORLANDO, JOHN W. MINA, DEPARTMENT OF CHILDREN AND FAMILIES, DETECTIVE JENNIFER WING, SERGEANT STEVEN FARRIS, ANDERSON BAYLOR, SKYLER SAUNDERS, JENNIFER THOMAS, AMANDA DIXON, KIRSTEN TEANY, JANE AND JOHN DOES 1-50,**

      **Defendant.**
_____/

**DISCLOSURE STATEMENT PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL RULE 3.03**

1. Is the filer a non-governmental corporate party or non-governmental corporation moving to intervene?

    ☐    No.

    ☐    Yes, and

        ☐    These parent corporations and publicly held corporations own 10% or more of the filer's shares: [].

        ☐    The filer has no parent corporation.

  ☐ No publicly held corporation owns 10% or more of the filer's shares.

2. Is the court's jurisdiction based on either 28 U.S.C. § 1332(a) or 28 U.S.C. § 1332(d)?

  ☐ No.

  ☐ Yes, and this is the name and citizenship of each person or entity whose citizenship is attributed to the filer: [].

 a. Is the court's jurisdiction based on 28 U.S.C. § 1332(a) and the filer a limited liability company or other unincorporated entity?

  ☐ No.

  ☐ Yes, and the filer has identified each member and the citizenship of each member and, if a member is another unincorporated entity, each member of that entity and that member's citizenship, and so on.

 b. Is the court's jurisdiction based on 28 U.S.C. § 1332(d) and the filer a limited liability company or other unincorporated entity?

  ☐ No.

  ☐ Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(d)(10).

 c. Is the filer an insurer?

  ☐ No.

  ☐ Yes, and the filer has identified citizenship in accord with § 1332(c)(1).

    d.    Is the filer a legal representative?

        ☐    No.

        ☐    Yes, and the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(2).

    e.    Has the filer identified any corporation?

        ☐    No.

        ☐    Yes, and for each, the filer has identified citizenship in accord with 28 U.S.C. § 1332(c)(1).

    f.    Has the filer identified any natural person?

        ☐    No.

        ☐    Yes, and for each, the filer has identified citizenship in accord with the person's domicile, which does not necessarily correspond to the person's residence.

3.    Is there any other person or entity that has or might have an interest in the outcome of the action, including any interested or potentially interested lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member, and other identifiable and related legal entity?

        ☐    No.

        ☐    Yes. These additional persons and entities have or might have an interest in the outcome of the action: []

4.    Might the outcome of this action affect any entity, not yet identified, with publicly traded shares or debt?

☐   No.

☐   Yes, and this is the entity: [].

5. Is this a bankruptcy action?

☐ No.

☐ Yes, and the debtor is [].

☐ Yes, and the members of the creditors' committee are [].

6. Is this a criminal case?

☐ No.

☐ Yes, and these persons are arguably eligible for restitution: [].

7. Is there an additional entity likely to actively participate in this action?

☐ No.

☐ Yes, and this is the entity: [].

8. Does the filer certify that, except as disclosed, the filer is unaware of an actual or potential conflict of interest affecting the district judge or the magistrate judge in this action, and the filer will immediately notify the judge in writing within fourteen days after the filer knows of a conflict?

☐ Yes.

_____
Add name of party or counsel
If counsel, add name of client
Add date of signature

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTIAN CAMPBELL,**
**LAURIE ANN CAMPBELL, I.C.,**

      **Plaintiff,**

v.                                                       Case No: 6:24-cv-2313-PGB-DCI

**ORLANDO POLICE**
**DEPARTMENT, ORLANDO**
**ROLON, THE CITY OF**
**ORLANDO, JOHN W. MINA,**
**DEPARTMENT OF CHILDREN**
**AND FAMILIES, DETECTIVE**
**JENNIFER WING, SERGEANT**
**STEVEN FARRIS, ANDERSON**
**BAYLOR, SKYLER SAUNDERS,**
**JENNIFER THOMAS, AMANDA**
**DIXON, KIRSTEN TEANY,**
**JANE AND JOHN DOES 1-50,**

      **Defendant.**
_____

**Notice of Pendency of Other Actions**

In accordance with Local Rule 1.07, I certify that the instant action:

_____   IS        related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency as indicated below:

_____
_____
_____
_____

_____   IS NOT    related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency.

      I further certify that I will serve a copy of this Notice of Pendency of Other Actions upon each party no later than fourteen days after appearance of the party.

Dated:

_____  
Plaintiff(s) Counsel of Record  
    or *Pro Se* Party  
  [Address and Telephone]

_____  
Defendant(s) Counsel of Record  
    or Pro Se Party  
  [Address and Telephone]

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTIAN CAMPBELL,
LAURIE ANN CAMPBELL, I.C.,

        Plaintiff,

v.                      Case No: 6:24-cv-2313-PGB-DCI

ORLANDO POLICE DEPARTMENT, ORLANDO ROLON, THE CITY OF ORLANDO, JOHN W. MINA, DEPARTMENT OF CHILDREN AND FAMILIES, DETECTIVE JENNIFER WING, SERGEANT STEVEN FARRIS, ANDERSON BAYLOR, SKYLER SAUNDERS, JENNIFER THOMAS, AMANDA DIXON, KIRSTEN TEANY, JANE AND JOHN DOES 1-50,
        Defendant.
_____

## Uniform Case Management Report

      The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on enter date. Enter names attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | Enter a date. |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | Enter a date. |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | Enter a date. |
| Defendant's deadline for disclosing any expert report. | Enter a date. |
| Deadline for disclosing any rebuttal expert report. | Enter a date. |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | Enter a date. |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | Enter a date. |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Enter mediator's name, address, and phone number. | Enter a date. |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | Enter a date. |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | Enter a date. |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | Enter a date. |
| Month and year of the trial term. | Enter a date. |

The trial will last approximately enter number days and be

☐ jury.

☐ non-jury.

3. **Description of the Action**

   In a few sentences, describe the nature of the action and its complexity.

4. **Disclosure Statement**

   ☐ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☐ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action."

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☐ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☐ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☐ Yes.
   ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects: list the subjects.

   C. Discovery should be conducted in phases:

   ☐ No.
   ☐ Yes; describe the suggested phases.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

   ☐ No.
   ☐ Yes; describe the issue(s).

   E. ☐ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☐ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☐ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

_____
Add name of party or counsel
If counsel, add name of client
Add date of signature

_____
Add name of party or counsel
If counsel, add name of client
Add date of signature

_____
Add name of party or counsel
If counsel, add name of client
Add date of signature

_____
Add name of party or counsel
If counsel, add name of client
Add date of signature

_____
Add name of party or counsel
If counsel, add name of client
Add date of signature

_____
Add name of party or counsel
If counsel, add name of client
Add date of signature

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| CHRISTIAN CAMPBELL, LAURIE ANN CAMPBELL, I.C. <br> *Plaintiff* <br> v. <br> ORLANDO POLICE DEPARTMET, THE CITY OF ORLANDO, JOHN W. MINA, DEPARTMENT OF CHILDREN AND FAMILIES, DETECTIVE JENNIFER WING, SERGEANT STEVEN FARRIS, ANDERSON BAYLOR, SKYLER SAUNDERS, JENNIFER THOMAS, AMANDA DIXON, KIRSTEN TEANY, JANE AND JOHN DOES 1-50 <br> *Defendant* | ) ) ) ) ) ) )   Civil Action No.   6:24-cv-2313-PGB-DCI |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

## Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____                                              _____
                                                                                                                *District Judge's signature*

                                                                                                                _____
                                                                                                                *Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.  Do not return this form to a judge.