# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHRISTIAN CAMPBELL,
LAURIE ANNE CAMBPELL,
and I.C.,**

       **Plaintiffs,**

v.                                        Case No: 6:24-cv-2313-PGB-DCI

**ORLANDO POLICE
DEPARTMENT, ORLANDO
ROLON, THE CITY OF
ORLANDO, JOHN W. MINA,
DEPARTMENT OF CHILDREN
AND FAMILIES, DETECTIVE
JENNIFER WING, SERGEANT
STEVEN FARRIS, BAYLOR
ANDERSON, SKYLER
SAUNDERS, JENNIFER
THOMAS, AMANDA DION,
KIRSTEN TEANY, and JANE
AND JOHN DOES 1-50,**

       **Defendants.**
_____/

# ORDER

This cause comes before the Court on *sua sponte* review. For the reasons set forth below, Plaintiffs Christian Campbell, Laurie Anne Campbell, and I.C.'s ("**Plaintiffs**") Complaint (Doc. 1-1) is dismissed without prejudice as a shotgun pleading.

I.  **BACKGROUND**

This civil rights action arises from the execution of a search warrant at Plaintiffs' residence. (Doc. 1-1 (the "**Complaint**")). On September 3, 2024, Plaintiffs filed the Complaint in the Ninth Judicial Circuit in and for Orange County, Florida. (*Id.*). Defendant Orlando Police Department timely removed the action to this Court on December 20, 2024. (Doc. 1).

In the Complaint, Plaintiffs allege thirty-eight counts against twelve named defendants and against a series of other defendants, identified as "Jane and John Does 1 – 50" (collectively, the "**Defendants**"). (*See* Doc. 1-1). Plaintiffs have yet to serve all Defendants. To date, Defendants Orlando Police Department, Kirsten Teany, and Department of Children and Families have filed their respective motions to dismiss. (Docs. 5, 21, 24). Additionally, on March 31, 2025, Plaintiffs filed a motion for leave to file a first amended complaint.[1] (Doc. 42 (the "**Motion to Amend**")). However, the Complaint is due to be dismissed as a shotgun pleading, and thus, the aforementioned motions are now moot.

II.  **STANDARD OF REVIEW**

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on*

---

[1] While the Court does not address the merits of Plaintiffs' Motion to Amend, the Court highlights that the Motion to Amend fails to include a proper Local Rule 3.01(g) certification. (Doc. 42). Although Plaintiffs' counsel "cannot imagine any Defendants opposing" the Motion to Amend, counsel's imagination does not satisfy Local Rule 3.01(g)'s duty to confer in good faith. (*Id.*). The Court advises Plaintiffs' counsel to review this Court's Local Rules as this is not the first instance of counsel's noncompliance. (*See* Doc. 28).

2

*Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam)[2] (affirming the district court's sua sponte dismissal of a shotgun pleading).

There are four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

3

adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

## III. DISCUSSION

The Court first addresses the Complaint's deficiencies as a shotgun pleading. Thereafter, the Court provides additional guidelines for Plaintiffs' amended complaint.

### A. Shotgun Pleading

Here, the fourth category of shotgun pleadings is implicated. *Weiland*, 792 F.3d at 1321–23. While it is possible for a complaint to "aver that all defendants are responsible for the alleged conduct," the facts alleged and incorporated into any given count must not be too vague or conclusory. *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) ("The fact that defendants are accused collectively does not render the complaint deficient" as long as "[t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct."); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir.1997) (describing a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants" as a "prototypical 'shotgun complaint'"). In other words, each specific Defendant must be able to "fairly read" the complaint in a way that gives them understanding of what they are alleged to have done which now gives rise to the specific claim against them. *See Chapman*, 208 F.3d at 944.

4

In Plaintiffs' Complaint, several Defendants are left with insufficient notice regarding how their specific actions gave rise to several counts. Each count is asserted against several or all Defendants. (Doc. 1-1). However, it is entirely unclear from the Complaint which acts for each cause of action are alleged to have been taken by each specific defendant.

By way of example, Plaintiffs allege numerous counts under 42 U.S.C. § 1983 against several Defendants, but Plaintiffs fail to connect most of the Defendants to these counts. (Doc. 1-1, ¶¶ 185–332). While such counts do not require a showing of a defendant's "personal participation," Plaintiffs still must show "some causal connection between the [d]efendant named and the injury allegedly sustained." *Schebel v. Charlotte County*, 833 F. Supp. 889, 891 (M.D. Fla. 1993). Moreover, a defendant "cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of" a plaintiff's "constitutional right(s) or directed such action and/or omission that resulted in such deprivation." *Id.* For instance, Plaintiffs assert several § 1983 counts against Defendants Skyler Saunders, Jennifer Thomas, and Amanda Dion, and yet, there are no factual allegations referencing these Defendants, their actions, their omissions, their direction, or their participation. (*See* Doc. 1-1).

Ultimately, repleader is necessary to correct the Complaint's deficiency in asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland*, 792 F.3d at

1321–23. Plaintiffs shall file an amended complaint alleging specific facts which implicate the specific behavior of each Defendant giving rise to each count.

### B. Additional Guidelines

Moreover, the Court separately notes additional guidelines for Plaintiffs' amended complaint. Plaintiffs must add the identities of Defendants Jane and John Does 1-50. (*See* Doc. 42). Plaintiffs must indicate which of the three Plaintiffs are bringing which count. Finally, Plaintiffs' amended complaint must comply with Federal Rule of Civil Procedure 5.2.[3]

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Complaint (Doc. 1-1) is *sua sponte* **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to remove the Complaint (Doc. 1-1) from the docket.

2. Defendants' Motions to Dismiss (Docs. 5, 21, 24) are **FOUND AS MOOT**.

3. On or before **April 9, 2025**, Plaintiffs may file an amended complaint provided they can do so consistent with the directives of this Order. Failure to timely comply with this Order shall result in the dismissal of this action without further notice.

---

[3] Throughout the Complaint and the accompanying exhibits, Plaintiffs list personally identifiable information that is prohibited by Federal Rule of Civil Procedure 5.2. In their amended complaint, Plaintiffs must either redact such information or request to file it under seal.

**DONE AND ORDERED** in Orlando, Florida on April 2, 2025.

_____
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties