**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CHRISTIAN CAMPBELL,
LAURIE ANNE CAMPBELL, I.
C., WILMA PORTELLA and
ANTONIO PORTELLA,**

           **Plaintiffs,**

**v.**                        **Case No: 6:24-cv-2313-PGB-DCI**

**ORLANDO POLICE
DEPARTMENT, ORLANDO
ROLON, THE CITY OF
ORLANDO, JOHN W. MINA,
DEPARTMENT OF CHILDREN
AND FAMILIES, DETECTIVE
JENNIFER WING, SERGEANT
STEVEN FARRIS, BAYLOR
ANDERSON, SKYLER
SAUNDERS, JENNIFER
THOMAS, AMANDA DION,
KIRSTEN TEANY, JANE AND
JOHN DOES 1-50, TIMOTHY
WALKER, STEPHEN GOREE,
REBEKAH MATVIAK,
NICHOLAS PLUTA, JONATHAN
BIGELOW, ASHLEE WINDLER,
JUSTIN E. LOVETT,
CHRISTOPHER BIGELOW,
JAMIE GLATHORN, NANCY
BEATY, ELIZABETH
WOODYARD, JACQUELINE
HOWARD, SONJA SUANDERS,
KENDAL TIDWELL, GHENA
LUKER, GRAHAM CAGE,
ELVIN GONZALEZ, ANDRES
PINERO, NATASHA MARRA,
JENNIFER CRINER, JAMES
FARRIS, MICHAEL
MASTRANGELO, HEATHER**

**REGAN, CHANTEL STYER,
ROBERT WOODYARD,
MARIBEL OJEDA, KRISTAN
MENNELLO, NICK METZGER,
JEFF STAUDENMIER, MANNY
GONZALEZ, NATE PARRARE,
JOHN EARL, WILLIAM
JIMENEZ, STANLEY AVIGNON,
JORDAN STITES,
CHRISTOPHER KNOWLES and
KAVITA SOOKRAJH,**

**Defendants.**

_____/

## ORDER

This cause comes before the Court upon *sua sponte* review. For the reasons set forth below, Plaintiffs Christian Campbell, Laurie Anne Campbell, and I.C.'s (collectively, the "**Plaintiffs**")[1] First Amended Complaint (Doc. 49) is dismissed without prejudice as a shotgun pleading.

## I.    BACKGROUND

This civil rights action arises from the execution of a search warrant at Plaintiffs' residence. (Doc. 1-1 (the "**Complaint**")). On September 3, 2024, Plaintiffs filed the Complaint in the Ninth Judicial Circuit in and for Orange County, Florida. (*Id.*). Defendant Orlando Police Department timely removed the action to this Court on December 20, 2024. (Doc. 1).

---

[1] In the First Amended Complaint, Plaintiffs listed—for the first time—Antonio Portella and Wilma Portella in the case caption as Plaintiffs. (Doc. 49). However, when the Court granted Plaintiffs leave to file an amended complaint, the Court did not provide leave for Plaintiffs to add parties. (Doc. 43). Moreover, the deadline to add parties has passed. (Doc. 33). As such, in filing a second amended complaint, Plaintiffs may not name Antonio Portella and Wilma Portella as Plaintiffs.

Upon *sua sponte* review of the Complaint, the Court dismissed it as a shotgun pleading because it asserted "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." (Doc. 43 (the "**Order**") (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015))). The Court also highlighted several other deficiencies in the Complaint. (Doc. 43, p. 6). Considering these issues, the Court granted Plaintiffs leave to file an amended complaint.

Plaintiffs filed the First Amended Complaint on May 2, 2025. (Doc. 49). However, upon *sua sponte* review, the First Amended Complaint is due to be dismissed as a shotgun pleading.

## II.    STANDARD OF REVIEW

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader." *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see also Arrington v. Green*, 757 F. App'x 796, 797 (11th

Cir. 2018) (per curiam) (affirming the district court's *sua sponte* dismissal of a shotgun pleading).[2]

There are four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

## III.  DISCUSSION

Here, Plaintiffs have again failed to comply with *Weiland*. (Doc. 49). Notably, in the Order dismissing Plaintiffs' Complaint as a shotgun pleading, the Court explicitly provided *Weiland*'s four categories of shotgun pleadings. (Doc. 43,

---

[2]  "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

p. 3). And yet, despite the Court's guidance in the Order, Plaintiffs again filed a shotgun pleading.[3] (Doc. 49).

Specifically, Plaintiffs' First Amended Complaint—composed of 988 pages—alleges 338 counts against 49 Defendants. (*Id*.). In each count, Plaintiffs "incorporate[] by reference all preceding paragraphs and re-allege[] them as if set forth fully herein." (*Id*. ¶¶ 139–5229). Plaintiffs' First Amended Complaint clearly falls within the first category of shotgun pleadings, "adopt[ing] the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." (*Id*.); *see Weiland*, 792 F.3d at 1321–23. Simply put, a complaint is not a guessing game, and Defendants must have "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Consequently, repleader is necessary to cure the deficiencies specified herein.[4]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Plaintiffs' First Amended Complaint (Doc. 49) is *sua sponte* **DISMISSED WITHOUT PREJUDICE**.

2.    On or before **May 21, 2025**, Plaintiffs may file a second amended complaint provided they can do so consistent with the directives of

---

[3]    The Court encourages Plaintiffs' counsel to read *Weiland*—in its entirety—to prevent dismissal of the second amended complaint as a shotgun pleading.

[4]    Plaintiffs' amendments shall be limited to curing the deficiencies set forth in this Order.

this Order. Failure to timely comply with this Order shall result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on May 14, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties