# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHRISTIAN CAMBPELL, LAURIE ANNE CAMPBELL, AND I.C. (a minor child),**

                          **Plaintiffs,**

**v.**                                                    **Case No: 6:24-cv-2313-PGB-DCI**

**OPD, et. al.,**

                          **Defendants.**

_____

## ORDER

Christian Campbell, Laurie Anne Campbell, I.C., Wilma Portella, and Antonio Portella (Plaintiffs) have filed a Second Amended Complaint against 49 Defendants. Doc. 56. Some of the Defendants have responded, while others remain unserved and have not appeared in the case. *See* Docs. 62, 65, 67, 87, 97. The Court has addressed Plaintiffs' failure to effect service, but the issue remains outstanding. *See* Docs. 87, 97. The Court has also ruled on several discovery disputes. Pending before the Court are Plaintiffs' motion for an extension of time to effect service and motions for reconsideration of three orders related to discovery. Docs. 90, 91, 97. Defendant OPD has also filed a "Second Motion to Compel Plaintiff Christian Campbell's Responses to Interrogatories." Doc. 99.

At the heart of the current dispute in this case are two issues. First is an ongoing problem with conferral between Plaintiffs and Defendants Orlando Police Department (OPD) and Department of Children and Families (DCF). *See* Docs. 82, 83, 86, 88, 90, 91, 93, 95, 98, 101. Second is Plaintiffs' repeated failure to respond in the time provided to discovery motions, which has resulted (and will result) in those motions being granted as unopposed. Instead of responding

to the motions, Plaintiffs have chosen to file meritless motions to reconsider the Court's orders,
repeatedly asserting that the Court is biased.

The Court will first address the requests related to discovery and then turn to the matter of
service.

## I.    Background

Near the outset of this case, the Court entered a Discovery Order on Discovery Motions.
Doc. 19 (the Discovery Order).  In relevant part, the Discovery Order states as follows:

(1) If a discovery dispute arises, the parties must confer in person or via telephone
in a good faith effort to resolve the dispute before seeking court intervention.
See Local Rule 3.01(g).

(2) If the parties are unable to resolve the discovery dispute, a party may seek court
intervention, but must do so by filing a Short-Form Discovery Motion in
compliance with this Order. **Neither the Motion nor any response thereto
shall exceed 500 words**, exclusive of caption, signature block, and
certifications.

\*\*\*

(5) **Any party opposing the Motion shall file a response no later than five days
after the Motion is filed** (*see* Fed. R. Civ. P. 6(a)); a failure to file a timely
response will result in the Motion being deemed unopposed.

\*\*\*

(8) The parties must continue to confer concerning the dispute and must promptly
notify the Court if they resolve the Motion in whole or in part.

Doc. 19 (emphasis in original).  Local Rule 3.01(g) provides:

At the end of the motion and under the heading "Local Rule 3.01(g) Certificate,"
the movant:

(A) must certify that the movant has conferred with the opposing party,
(B) must state whether the parties agree on the resolution of all or part of
the motion, and
(C) **if the motion is opposed, must explain the means by which the
conference occurred.**

Local Rule 3.01(g)(2) (emphasis added).

The Court also entered a Case Management and Scheduling Order (the CMSO), which states in relevant part:

> A. Certificate of Good Faith Conference – Before filing any motion in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has **conferred** with the opposing party, and that the parties have been unable to agree on the resolution of the motion. Local Rule 3.01(g); Fed. R. Civ. P. 26(c). A certification that states opposing counsel was unavailable must comply with Local Rule 3.01(g)(3). *See* Local Rule 3.01(g). . . . The term "confer" in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter or email. Counsel who merely "attempt" to confer have not "conferred." Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism). The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

Doc. 33 at 5-6 (emphasis in original).

On April 2, 2025, the Court dismissed the initial Complaint as a shotgun pleading, mooting the initial motions to dismiss that Complaint and allowing Plaintiffs leave to amend.  Doc. 43.

On April 9, 2025, the Court denied without prejudice Plaintiffs' request for an extension of time to comply with the April 2, 2025 Order, stating: "The Motion fails to comply with Local Rule 3.01(a)'s requirement of a memorandum of law and 3.01(g)'s conferral requirement. Moreover, Plaintiffs are reminded that requesting an extension the day of a deadline is poor professional practice."  Doc. 45.

On May 14, 2025, the Court dismissed the First Amended Complaint as a shotgun pleading and permitted Plaintiffs to file a second amended pleading "provided they can do so consistent with the directives of this Order."  Doc. 54.

On May 20, 2025, Plaintiffs filed the 988-page, 438-count Second Amended Complaint against the 49 named Defendants. Doc. 56. OPD and DCF filed motions to dismiss, which remain pending. Docs. 62, 65.[1]

On June 3, 2025, the Court struck a notice of unavailability filed by Plaintiffs' counsel in violation of Local Rule 3.08(c), stating that, "Plaintiffs' counsel is encouraged to review this Court's Local Rules." Doc. 63.

On July 2, 2025, the Court denied Plaintiffs' motion for extension of time to respond to the Defendants' motions to dismiss, stating that, "The Motion fails to comply with Local Rule 3.01(g)." Doc. 69. Later that same day, the Court granted an amended motion for an extension of time, but stated that, "Plaintiffs are reminded that requesting an extension the day before the deadline is poor professional practice." Doc. 71.

On July 7, 2025, the Court struck Plaintiffs' response in opposition to DCF's motion to dismiss because Plaintiff's response violated the page limitation of Local Rule 3.01(b).[2] Doc. 75.

On August 22, 2025, the Court entered an Order to Show Cause against Plaintiffs and directed that Plaintiff show cause "why the Complaint against the Defendants named in the Order should not be dismissed for failure to comply with the Federal Rules of Civil Procedure 4(m)." Doc. 87. When Plaintiffs responded to the Order to Show Cause, the Court stated that, "To the extent the 94 Response requests affirmative relief, such a request must be contained within a motion that complies with all applicable rules and law, including Local Rule 3.01."

---

[1] Kirsten Teany has also filed a Motion to Dismiss. Doc. 67.

[2] The Local Rules have since been amended such that the page limitation at issue now appears in Local Rule 3.01(c).

Again, on September 3, 2025, the Court struck a notice of unavailability filed by Plaintiffs' counsel in violation of Local Rule 3.08(c), stating that, "The aforementioned Notice is forbidden by Local Rule 3.08(c)."  Doc. 92.

In the meantime, discovery motions had begun.  On July 31, 2025, DCF filed a motion to compel discovery from Plaintiffs.  Doc. 77.  The Local Rule 3.01(g) certification in that motion read as follows:

> I certify that, pursuant to Local Rule 3.01(g), undersigned counsel for movant attempted to schedule a conferral call with opposing counsel via email on July 23, 2025; July 25, 2025; and July 29, 2025, and opposing counsel did not respond with availability to meet and confer. On July 25, 2025, opposing counsel responded to email correspondence and requested until July 28, 2025, to respond to discovery, but did not provide availability to confer regarding the instant Motion. Additionally on July 29, 2025, and July 30, 2025, after still not receiving responses, undersigned counsel called Plaintiffs' counsel to confer and left voicemails in an attempt to reach opposing counsel to confer. Undersigned counsel will continue to make efforts to confer with opposing counsel and supplement this certification accordingly.

Doc. 77 at 3-4.  Later that same day, DCF filed an amended motion to compel, with the same Local Rule 3.01(g) certification.  Doc. 78.  Because a second motion was filed addressing the same issue, the Court denied the first motion as moot.  Doc. 79.  Plaintiff failed to respond to the second motion in the time provided by the Discovery order.  Nevertheless, prior to the Court ruling, DCF filed a third motion to compel addressing the same subject matter, which resulted in the Court finding that the second motion was moot.  Docs. 80, 81.  The Local Rule 3.01(g) certification in that third motion read as follows:

> I certify that, pursuant to Local Rule 3.01(g), undersigned counsel for movant attempted to schedule a conferral call with opposing counsel via email on July 23, 2025; July 25, 2025; and July 29, 2025, and opposing counsel did not respond with availability to meet and confer. On July 25, 2025, opposing counsel responded to email correspondence and requested until July 28, 2025, to respond to discovery, but did not provide availability to confer regarding the instant Motion. Additionally on July 29, 2025, and July 30, 2025, after still not receiving responses, undersigned counsel called Plaintiffs' counsel to confer and left voicemails in an attempt to

reach opposing counsel to confer. **After additional follow ups, counsel conferred on August 7, 2025 via telephone, and was unable to resolve the issues identified in the Motion, as opposing counsel cannot identify when responses will be provided, due to conflicts with other matters.**

Doc. 80 at 3-4 (emphasis added). Plaintiffs failed to respond to the third motion in the time provided by the Discovery Order. So, the Court granted the motion to compel as unopposed. Doc. 82. Critically, the Court's Order, dated August 14, 2025, cited to (and quoted from) the Discovery Order and the applicable Local Rules. *Id.*

On August 19, 2025, Plaintiffs filed a motion for reconsideration of that Order granting DCF's motion to compel. Doc. 83. Despite the Order itself identifying the Discovery Order, the motion for reconsideration completely ignored the Discovery Order. *Id.*

On August 22, 2025, OPD filed a motion to compel discovery from Plaintiff Christian Campbell. Doc. 85. The Local Rule 3.01(g) certification in that motion read as follows:

> The undersigned counsel attempted to confer regarding the relief sought in this motion via email on July 31, August 1, August 6, August 7, August 13, August 20, and August 21, 2025. Additionally, the undersigned has called Plaintiffs' counsel at least twice but has been unable to reach her, with the latest attempt on August 21, 2025. The undersigned will continue to make efforts to confer with opposing counsel and supplement this certification accordingly.

Doc. 85 at 3-4.

That same day, the Court denied Plaintiffs' first motion for reconsideration, stating that, "The Motion fails to take into consideration the Court's Order on Discovery Motions (Doc. 19), which the Court cited in the Order sought to be reconsidered. There is no merit to Plaintiffs' argument that the response was not yet due." Doc. 86. The Local Rule 3.01(g) certification in that motion stated, "Undersigned conferred in good faith with opposing counsel for Defendant DCF in accordance with Local Rule 3.01(g) and Defendant opposes." Doc. 83.

Incredibly, despite the Court's order granting DCF's motion to compel and the Court's order denying the motion for reconsideration (with both orders citing to the Discovery Order), Plaintiffs failed to respond to OPD's motion to compel within the time provided by the Discovery Order. So, the Court granted OPD's motion to compel. Doc. 88. The Court again cited to the Discovery Order. *Id.*

On September 3, 2025, Plaintiffs filed a second motion for reconsideration of the Order granting DCF's motion to compel and the Order denying Plaintiffs' first motion for reconsideration. Doc. 90. The Local Rule 3.01(g) certification in that motion stated, "Undersigned conferred in good faith with opposing counsel for Defendant DCF in accordance with Local Rule 3.01(g) **regarding requests for additional time** and Defendant opposes." Doc. 90 at 7 (emphasis added). DCF filed a response (Doc. 93), and the motion will be discussed further herein.

On that same day, Plaintiffs also filed a third motion for reconsideration, this motion seeking to have the Court reconsider its Order granting OPD's motion to compel. Doc. 91. The Local Rule 3.01(g) certification in that motion stated, "Undersigned conferred in good faith with opposing counsel for Defendant DCF in accordance with Local Rule 3.01(g) **regarding requests for additional time** and Defendant opposes." Doc. 91 at 6 (emphasis added). OPD filed a response (Doc. 95), and the motion will be discussed further herein.

On September 15, 2025, Plaintiffs filed a motion for, among other things, an extension of time to serve several Defendants. Doc. 97. OPD filed a response in opposition to that motion (Doc. 98), an individual Defendant improperly attempted to "join" that response (Doc. 100), and DCF filed a response in opposition (Doc. 101). The motion will be discussed further herein.

On September 23, 2025, OPD filed a second motion to compel discovery from Plaintiff Christian Campell. Doc. 99. The Local Rule 3.01(g) certification in that motion read as follows,

"The undersigned counsel conferred with counsel for Christian Campbell by telephone on September 15, 2025. Christian Campbell's counsel objected to the relief sought in this motion." Doc. 99 at 6. However, despite that apparent opposition, Plaintiffs[3] failed to respond to the motion within the time provided by the Discovery Order, or the time provided by the Local Rules. Indeed, that motion has been pending for 60 days now, and Plaintiffs have entirely failed to respond in opposition to it—this now the fourth time Plaintiffs have failed to respond to a discovery motion. The motion will be discussed further herein.

## II.    Discussion

### A. Plaintiffs' Motions for Reconsideration (Docs. 90, 91)

Plaintiffs move for reconsideration of the Court's Orders dated August 14, 2025 (Doc. 82, the Order granting DCF's motion to compel), August 22, 2025 (Doc. 86, the Order denying Plaintiffs' First Motion for Reconsideration),[4] and August 29, 2025 (Doc. 88, the Order granting OPD's motion to compel). Specifically, in the Second Motion for Reconsideration (Doc. 90), Plaintiffs seek reconsideration of both the Order granting DCF's motion to compel and the Order denying the First Motion for Reconsideration. In the Third Motion for Reconsideration (Doc. 91), Plaintiffs seek reconsideration of the Court's Order granting OPD's motion to compel. Doc. 91. Both the Second and Third Motions for Reconsideration are meritless and due to be denied.

Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the

---

[3] Throughout this Order, the Court will often refer to "Plaintiffs," though two of the discovery motions at issue are directed solely to Plaintiff Christian Campbell. That is for ease of reference, is not intended to have any substantive effect prejudicial to other Plaintiffs, and reflects the fact that all Plaintiffs are represented here and act through a single lawyer.

[4] The Court refers to Plaintiffs' three motions for reconsideration in the order Plaintiffs filed them.

Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

As an initial matter, Plaintiffs do not cite to (or otherwise address) the legal standard for reconsideration. *See* Docs. 90, 91. Instead, Plaintiffs argue generally that they are entitled to due process under the United States Constitution and the Court was "not diligent, fair or impartial" in granting the motions to compel and denying the First Motion for Reconsideration. Docs. 90 at 4 to 6; 91 at 4 to 5. Notably, Plaintiffs do not support with citation to legal authority the proposition that any argument they make is a basis for the extraordinary remedy of reconsideration. *See id*. The Second and Third Motions for Reconsideration are, therefore, due to be denied. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.").

Further, the Second and Third Motions for Reconsideration are due to be denied for failure to properly certify conferral. In those motions, Plaintiffs seek reconsideration of the Court's Orders, but Plaintiffs state in their Local Rule 3.01(g) certifications that, "Undersigned [counsel] conferred in good faith with opposing counsel" . . . "in accordance with Local Rule 3.01(g) regarding **requests for additional time** and Defendant opposes." Docs. 90, 91 (emphasis added). So, there is nothing before the Court to reflect that Plaintiffs conferred with Defendants on the

resolution of any part of the **requests for reconsideration**.[5]  Nor is there any indication concerning the means of conferral.  Based on the foregoing, the Motions (Docs. 90, 91) are due to be denied for failure to comply with Local Rule 3.01(g).

But assuming Plaintiffs identified the correct standard or otherwise adequately stated the basis for their specific relief and complied with Local Rule 3.01(g), the Court still finds that reconsideration is not warranted.

In the Second Motion for Reconsideration, Plaintiffs request that the Court reconsider its Order granting DCF's motion to compel.  Doc. 90.  Plaintiffs complain that DCF was required to confer with Plaintiffs via telephone but did not do so "until August 5, 2025, despite filing its motion, and amended motion, on July 31, 2025, failing to comply with section (1) of the Court's [Discovery Order]."  *Id*.[6]  Plaintiffs add:

> The Court, pursuant to its own [Discovery Order], should have denied Defendant's motion at the onset for failure to comply with section (1) of the Discovery Order as Defendant is required to confer in person or via telephone BEFORE seeking court intervention. As of July 31, 2025, Defendant had not conferred with Plaintiff's counsel either in person or via telephone before Defendant sought Court intervention which is mandated by the [Discovery Order].  Defendant eventually complied with section (1) of the [Discovery Order] on August 5, 2025, five days after Defendant filed its motion.

*Id*. at 3 to 4.

---

[5] In its Response, DCF represents that "Plaintiffs' counsel never even contacted counsel for DCF regarding a Second Motion for Reconsideration, let alone participate in a meaningful conferral as required by the Local Rules."  Doc. 93 at 2 to 3.  OPD also states that "Plaintiffs' counsel provides a false certificate of compliance with Local Rule 3.01(g).  Indeed, Plaintiffs' counsel never conferred with the undersigned regarding Plaintiffs' Motion.  And a review of Plaintiffs' purported certificate of good faith conference clearly shows it was copied and pasted from a prior motion."  Doc. 95 at 1 to 2.

[6] Plaintiffs state that on August 5, 2025, counsel for the parties conferred and Plaintiffs agreed to "gather the production within the next two weeks and produce it to Defendant."  *Id*. at 2.

First, Plaintiffs' argument does not take into account that the operative motion before the Court—and the one the Court ruled on—was DCF's August 8, 2025 motion to compel.  By Plaintiffs' own admission, DCF conferred with Plaintiffs **via telephone** on August 5, 2025, which was **before** DCF filed the operative motion.  *Id*. at 4.  Assuming *arguendo* there were issues with DCF's efforts to confer on the first iterations of the motion to compel, the Court denied those motions as moot and, as a result, any past dispute as to the conferral also became moot.  Plaintiffs cite to no legal authority that would require the Court to consider the alleged inadequacy of moot motions upon review of a later, pending request.  And, importantly, Plaintiffs offer no law that would justify reconsideration of the Court's Order based on that argument.

Second, Plaintiffs state that section (2) of the Discovery Order provides that "If the parties are unable to resolve the discovery dispute, a party may seek court intervention."  Doc. 90 at 3; *see* Doc. 19.  Plaintiffs explain that during the August 5, 2025 phone call, the parties reached a resolution, and yet DCF still filed the August 8, 2025 motion to compel.  Doc. 90 at 3.  Plaintiffs, therefore, argue that "[t]he Court, pursuant to its own [Discovery Order], should have further denied Defendant's motion for failure to comply with section (2) of the [Discovery Order] because the dispute was resolved once parties conferred via telephone on August 5th."  *Id*. at 4.  Plaintiffs state that they "did try to notify the Court the parties resolved the matter on August 5, 2025, in its reconsideration motion filed on August 19, 2025, which the Court has either ignored, not considered or rejected."  *Id*. at 3.

But even if Plaintiffs notified the Court of a resolution on August 19, 2025, the Court had already entered its Order and granted DCF's request on August 14, 2025.  Doc. 82.  Plaintiffs' argument simply makes no sense considering the timeline of events and it certainly does nothing to support the extraordinary remedy of reconsideration or demonstrate any type of bias or lack of

diligence by the Court.  Further, the cited provision of the Discovery Order is a requirement for "the parties" to notify the Court of a resolution, not just the movant.  So, if Plaintiffs truly believed that the matter was resolved, Plaintiffs had a responsibility to notify the Court.  DCF did not notify the Court because, as DCF has stated, it did not believe the matter was resolved.  Plaintiffs allege bias or lack of diligence based on the premise that the Court failed to deny DCF's motion due to an alleged Discovery Order violation not known to the Court at the time it entered the Order. Regardless of how incredible and unsupported Plaintiffs' claims are (and they are), the crux of the matter is that Plaintiffs fail to adequately explain how any of the foregoing justifies reconsideration under the law.  Especially considering that if there was a resolution of the underlying motion—a fact in dispute—Plaintiffs themselves failed to inform the Court of that resolution in violation of the Discovery Order.

The Third Motion for Reconsideration raises the same issues.  Doc. 91.  Plaintiffs argue that OPD has never conferred with Plaintiffs' counsel regarding the OPD's motion to compel.  *Id.* Plaintiffs state that their counsel emailed OPD's counsel on August 22, 2025—on the day OPD filed its motion to compel—informing counsel that Plaintiffs would respond to the interrogatories "after Labor Day." *Id.* at 2.  Since OPD did not confer before filing its request[7] and failed to notify the Court that the parties resolved the dispute, Plaintiffs argue that OPD violated Sections (1), (2), and (8) of the Discovery Order.  *Id.*  As to the request for reconsideration, Plaintiffs argue that the Court "should have denied" OPD's motion for failure to comply with these provisions, and Plaintiffs raise the same diligence and bias arguments against the Court.  *Id.* at 2 to 3, 5.

---

[7] OPD's Local Rule 3.01(g) Certification reflects that counsel attempted to reach Plaintiffs counsel by email and phone but was unable to reach her.  Doc. 85 at 3 to 4.

But again, OPD's Local Rule 3.01(g) certification reflected that OPD's counsel made several attempts via email and telephone to confer on the relief sought but could not reach Plaintiffs' counsel, who did not timely respond to those requests for conferral. Doc. 85. OPD certified to the Court that it attempted to confer via email on July 31 and August 1, 6, 7, 13, 20, and 21 and via telephone twice, with the latest attempt on August 21, 2025. *Id*. at 3.

When considering OPD's motion to compel, and the Local Rule 3.01(g) certification detailing all of OPD's attempts to confer, the Court exercised its discretion to grant the motion to compel as unopposed when Plaintiffs, yet again, failed to timely respond to that motion. Plaintiffs appear to think that the Court's exercise of discretion is evidence of bias. It is not. Instead, the Court took into consideration the entire history of this case up to that point (as detailed in the background section of this Order), including Plaintiffs' counsel's repeated failures to comply with the Local Rules and the orders of this Court and Plaintiffs' counsel's repeated failure to timely respond to requests for conferral in violation of Local Rule 3.01(g) and the CMSO. The Court also took into consideration Plaintiffs' repeated failure to respond to discovery motions and the recently entered orders that reiterated Plaintiffs' counsel's responsibilities set forth in the Discovery Order. Taking all of that into consideration, the Court permitted Plaintiffs an opportunity to respond to OPD's motion to compel. When Plaintiffs' counsel did not timely respond, the Court exercised its discretion and granted the motion to compel as unopposed. Plaintiffs' counsel's conduct in this case is one that evidences disregard for the rules and orders of this Court. And the Court will not allow Plaintiffs' counsel to defeat or delay discovery (or motion practice in general) by failing to respond to requests to confer and then claiming that the Court erred (and, in fact, is biased) by granting motions after giving Plaintiffs an opportunity to respond to those motions.

Indeed, a problem with Plaintiffs' Second and Third Motions for Reconsideration is that Plaintiffs did not respond to either of the underlying motions to compel. A response was their opportunity to alert the Court to potential mootness or other arguments related to alleged Discovery Order violations. Without responses from Plaintiffs, the Court was left with the information it had before it, and the Court ruled accordingly. As such, to the extent Plaintiffs contend that the Court somehow erred or failed to act with diligence and should reconsider the rulings based on its own Discovery Order, the Court finds Plaintiffs' arguments unpersuasive.

In addition, the Court notes that Plaintiffs provide no evidence in support of the Second or Third Motions for Reconsideration. *See* Docs. 90, 91. Because the "discovery of new evidence" is part of the reconsideration standard, it is worth mentioning that Plaintiffs' arguments are based entirely on counsel's recitation of events. *See* Docs. 90, 91. To be clear, the Court has considered Plaintiffs' arguments, but to the extent the requests for relief are based on a "new evidence" argument, the Court has nothing from Plaintiffs. On the other hand, OPD has provided exhibits in support of its position that it made several attempts to confer with Plaintiffs' counsel to no avail. *See* Doc. 95-1. Thus, the Court finds that OPD made sufficient attempts to confer before filing the August 22, 2025 motion to compel. The record reflects that counsel called and emailed several times, and it was Plaintiffs' counsel's own delay that was apparently the reason the conferral did not occur. As such, with respect to Plaintiffs' contention that the Court must reconsider its ruling because it should have denied OPD's motion to compel for failure to confer pursuant to section (1) of the Discovery Order, the Court finds no merit to the claim.

Lastly, Plaintiffs' Second Motion for Reconsideration of the Court's denial of the First Motion for Reconsideration is due to be denied as impermissibly successive. *See Madura v. BAC Home Loan Servicing, LP*, 2017 U.S. Dist. LEXIS 53428, at *6 (M.D. Fla. Apr. 7, 2017) ("[T]he

Court does not permit motions for reconsideration to be filed seriatim into infinity.) (citing *Rasmussen v. Cent. Fla. Council Boy Scouts of Amer., Inc.*, 2008 WL 2157152, at *1 (M.D. Fa. May 22, 2008) ("Successive motions for reconsideration raising grounds that were or should have been known or asserted when the first motion was filed are improper.")). Also, Plaintiffs cite to no change in the law, provide no new evidence, and provide no argument reflecting clear error with respect to the Court's August 22, 2025 Order. Plaintiffs' First Motion for Reconsideration was obviously based on an incorrect understanding of when their response to DCF's August 8, 2025 motion to compel was due. *See* Doc. 83. The Court correctly found that there was no basis for relief. *See* Doc. 86. And to the extent Plaintiffs contend that the Court should revisit the denial of the First Motion for Reconsideration based on generalized arguments concerning due process or impartiality, the Court finds no merit to Plaintiffs' position.

### B. OPD's Second Motion to Compel (Doc. 99)

On August 29, 2025, the Court granted OPD's motion and compelled Plaintiff Christian Campbell to provide responses to the interrogatories at issue. Doc. 88.[8] OPD now states that on September 4, 2025, Plaintiff Christian Campbell served responses to the interrogatories, but OPD claims that the responses are still inadequate. Doc. 99 (citing Doc. 99-2). OPD represents that its counsel conferred with Plaintiffs' counsel by phone on September 15, 2025, and Plaintiffs' counsel agreed to amend the responses to Interrogatories 2 and 3, but not Interrogatories 1 and 5. *Id.* at 2. OPD argues that Plaintiff Christian Campbell's objection is "late and meritless," and the responses

---

[8] Even though OPD's second motion to compel reflects that Plaintiff Christian Campbell served responses to the interrogatories after the August 29, 2025 Order, the Court will not deem the Third Motion for Reconsideration moot because the Court also found in the August 29, 2025 Order that Defendant is entitled to reasonable expenses (Doc. 88), and there is still a remaining dispute regarding the adequacy of the responses.

are otherwise deficient. *Id.* OPD requests that the Court "require fulsome responses within five days" and award costs for bringing the motion. *Id.* at 5. OPD certifies that its counsel conferred with Plaintiffs' counsel by telephone and their counsel objected to the relief. *Id.* at 6.

Once again (incredibly for a fourth time and in the face of the pending motions for reconsideration), Plaintiff Christian Campbell did not file a response to the motion and the time for doing so has elapsed. Again, as stated in the Court's previous Orders, the Court routinely grants motions as unopposed where the opposing party does not file a response. *See* Local Rule 3.01(d).[9] Since Plaintiff Christian Cambell did not file a response and raises no objection to the request, the Court finds that the Motion is due to be granted.

### C. Motion for Extension of Time (Doc. 97)

On August 22, 2025, the Court entered an Order to Show Cause why the Complaint against certain Defendants should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m). Doc. 87. Plaintiffs have filed a Response to the Order to Show Cause (Doc. 94) and a Motion for Additional Time to Serve the Remaining Defendants. Doc. 97 (the Motion for Extension). OPD and DCF have filed responses to the Motion for Extension. Docs. 98, 101.

The nature of Plaintiffs' relief sought in the Motion for Extension is multifaceted. Namely, Plaintiffs request that the Court: "(1) Determine Defendants City of Orlando and Jennifer Wing have made a general appearance pursuant to Local Rule 2.02; (2) Require Defendants DCF and OPD to waive service for its employee Defendants listed herein; (3) Require Defendants DCF and OPD provide residential addresses of their employee Defendants for Plaintiffs to serve with each

---

[9] The Motion was filed on September 23, 2025. So, based on the Discovery Order on Discovery Motions, a response was due by September 29, 2025. But the Motion has been pending for over 60 days now with no response from Plaintiffs, so, under any calculation, it is ripe and due to be deemed unopposed. *See* Local Rule 3.01(d).

Defendant employee responsible for costs related to personal service; (4) Extend Plaintiffs time to effect service under Rule 4(m) by up to sixty (60) days; and (5) Any other relief this Court deems just and equitable." Doc. 97 at 6.

Plaintiffs' Motion for Extension is due to be granted in part. Briefly, Plaintiffs are not entitled to a finding that Defendants City of Orlando and Jennifer Wing have made an appearance in this case. It seems Plaintiffs argue that counsel for OPD appeared on behalf of Wing and the City of Orlando because counsel's interrogatories related to these Defendants. *See* Doc. 97 at 5. Further, Plaintiffs state in a conclusory manner that "Christian Tiblier's official title is the City Attorney for the City of Orlando" and, therefore, the Court should find that the City of Orlando has appeared. *Id.* These arguments are devoid of any legal merit.

With respect to Plaintiffs' requests related to waiver of service, Plaintiffs cite no law that stands for the proposition that the Court can force waiver or can force Defendants to provide employee addresses. In support of their waiver requests, Plaintiffs refer the Court to Federal Rule of Civil Procedure 4(d)(1), which provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Doc. 97 at 3. Plaintiffs state that "Rule 4(d)(2) allows a plaintiff to collect the expenses of service if a defendant subject to Rule 4(d)(1) failed to waive service." *Id.*

Plaintiffs explains that "the cost of having to serve each individual Defendant, who are all either employees of Defendants OPD or DCF, will be thousands of dollars therefore Plaintiffs request the alternative relief that Defendants OPD or DCF accept service of [sic] their employee's behalf." *Id.* Plaintiffs add that "[t]o avoid the clearly burdensome unnecessary expenses incurred through service Plaintiffs request this Court to allow service by waiver of Defendants employers Defendant OPD and DCF." *Id.* Plaintiffs specify that they "request alternate service to require

Defendants OPD and DCF waive service for their employees and if they refuse then require
Defendants OPD and DCF to provide each Defendant employees residential address for them to
be personally served and Plaintiffs be reimbursed costs for service." *Id*. at 5.

While Rule 4(d)(1) sets forth the requirements to request a waiver of service and Rule
4(d)(2) provides for the cost-shifting of **expenses incurred in making service** if there is a failure
to waive, there is nothing in Rule 4 that serves as a basis for Plaintiffs' requested relief. *See*
Fed.R.Civ.P. 4. If it is Plaintiffs' position that courts have utilized Rule 4 to order entities to accept
service on behalf of individuals or require entities to produce employee addresses, then Plaintiffs
must provide that authority to the Court.

Further, assuming *arguendo* Rule 4(d)(2) can be interpreted to allow Plaintiffs to
effectively avoid the initial cost of service through forced acceptance of service instead of
recoupment of the expense, Plaintiffs have offered nothing to reflect that they met any of the
requirements related to waiver of service requests under Rule 4(d)(1). *See Davies v. Scott*, 2015
WL 13310012, at *2 (M.D. Fla. Apr. 14, 2025) ("[T]he procedural requirements of Rule 4(d)(1),
Federal Rules of Civil Procedure, are a 'condition precedent to a demand for costs for refusal
to waive service.'"). As such, assuming Rule 4(d)(2) even applies to this situation, there is nothing
to show that Plaintiff complied with Rule 4(d)(1) to get relief.[10]

---

[10] Plaintiffs Local Rule 3.01(g) certification reflects that Plaintiffs' counsel had discussion with
counsel for DCF and OPD regarding waiver of service. Doc. 97 at 6 to 7. There is nothing to
reflect that the requirements of Rule 4(d)(1) were met. *See id*. Further, with respect to those
discussions, it appears that counsel for DCF and Plaintiffs' counsel conferred on the potential for
waiver of service. *See* Doc. 101. With some back and forth, Plaintiffs' counsel represented that
Defendants Saunders, Thomas, and Dion are DCF employees and Defendant Anderson might work
for OPD "but was a DCF employee at the time of the underlying allegations." *Id*. at 2. DCF's
counsel states that Defendants Saunders, Thomas, Dion, and Anderson are not DCF employees.
*Id*. at 3. Defendants Saunders and Thomas are apparently former employees, but their personal
contact information is protected from disclosure under Florida law. *Id*. At any rate, DCF states

Also, with respect to service of process, Plaintiffs claim that the "unserved Defendants have notice of the lawsuit" and, therefore, the Court "should liberally construe Rule 4[.]" Doc. 97 at 4 to 5.  It is not entirely clear, but it appears that Plaintiffs request that the Court either deem the individual Defendants served or, alternatively, force OPD and DCF to accept and waive service on behalf of the remaining Defendants due to notice.  *See id*. at 3 to 4.

As an initial matter, the Court is not convinced that the Defendants have actual knowledge of the lawsuit.  As evidence of "actual notice of this lawsuit," Plaintiffs state that "[e]mployees of OPD, who Plaintiffs believe are Defendants, gave statements to the press regarding this **incident**" and there are "multiple videos and pictures of Defendants who participated in the incident in August 2020."  *Id*. at 4 (emphasis added).  Assuming Plaintiffs' statements are accurate, the Court fails to see how this is evidence of Defendants' actual notice of the **lawsuit**.[11]

Plaintiffs then add the following as apparent proof of actual knowledge:

> Additionally, Plaintiffs' counsel was contacted by an attorney from the Federal Defenders Office as she was counsel on a criminal matter where the Defendant was accusing Defendant Wing of similar conduct implied herein. The attorney contacted undersign as she was provided this case in a discovery response to an inquiry regarding Defendant Wing from Defendant OPD.  Defendant Anderson was an employee of Defendant DCF and is now and employee of Defendant OPD. Plaintiffs believe Defendant Anderson cooperation and participation in keeping Plaintiffs' child from their custody assisted her to ultimately gain employment at Defendant OPD. Further, Defendants OPD and DCF knows its employees who were involved and disclosed them in their initial disclosures. Defendant employees for Defendants OPD and DCF knew who did and did not participate in the matters concerning Plaintiffs. Due to the wide press coverage, disclosures in other criminal

---

that "Plaintiffs' counsel has yet to comply with waiver requirements in requesting waiver appropriately from counsel for DCF."  Also, OPD states that to the extent there was any discussion with Plaintiffs' counsel regarding waiver of service, OPD's counsel "insisted on Plaintiffs' complying with the Federal Rules of Civil Procedure."  Doc. 98 at 3.

[11] Plaintiffs submit a link to an article regarding the lawsuit, which includes a video.  Doc. 97 at 4 n. 6.  The Court reviewed the exhibit and does not find that it reflects that the unserved Defendants had actual knowledge of the **lawsuit**.

matters and employee swapping it is clear that there can be no Defendant that does
not have actual notice of these proceedings.

*Id.* at 4 to 5.  The Court finds this statement to be vague and speculative and not proof of the
remaining Defendants' actual notice of the lawsuit.

In any event, it seems Plaintiffs are attempting to use actual notice of a lawsuit to
circumvent the necessity to at least try to serve the remaining Defendants.  Plaintiffs state that "a
court will not require a plaintiff to expend limitless resources to serve a defendant with actual
notice of suit and/or who intentionally evades service."  *Id.* at 3 (citing *McPherson v. Seaduced,
LLC*, 2014 WL 5502493, at *2 (M.D. Fla. Oct. 30, 2014); *Allegheny Int'l Servs., LLC v. Flynn*,
2018 WL 4565744, at *1 (M.D. Fla. Sept. 24, 2018)).  Plaintiffs claim that "once a defendant has
actual notice of the pendency of an action, the requirements of Federal Rule of Civil Procedure
Rule 4 are to be liberally construed."  *Id.* at 4 (citing *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53
F.Supp.2d 1273, 1281 (S.D. Fla. 1999)).

The Court, however, finds that these cases do not reflect that actual notice of a lawsuit
means that Rule 4 service requirements can be disregarded when there are no attempts at service.
The Court understands that it is Plaintiffs' position that service on the individual Defendants
"would require Plaintiffs to expel limitless and exorbitant resources," but the Court is not
convinced that the mere prospect of expense warrants relief without a single attempt at service.[12]

---

[12] To clarify, Plaintiffs' counsel represents in the Local Rule 3.01(g) certification that she had
discussions with DCF and OPD's counsel regarding acceptance and waiver of service.  Doc. 97.
Without citation to authority, the Court is not persuaded that these discussions amount to an
attempt at service on the individual Defendants. Also, Plaintiffs state that: "Plaintiffs have been
rigorously engaging in litigation on this matter and attempting to locate the numerous personal
defendants as to serve them personally. Due to the sheer number of Defendants, it has been time
consuming in addition to the fact that employee Defendants personal addresses have been hard to
find through public record without having to expel significant financial resources."  Doc. 97 at 2.
There is nothing in Plaintiffs' statement to reflect that they have attempted service on the individual
Defendants.

Even so, the Court finds that Plaintiffs may have the requested extension of time to effect

service on the remaining Defendants.  While it would appear at first blush that Plaintiffs' request

for a 60-day extension is moot because Plaintiffs filed the Motion for Extension over 60 days ago,

Plaintiffs' relief relates to Plaintiffs' request for "alternative service" and the waiver issue.  Since

the Court has only now ruled on Plaintiffs' other requests for relief, the Court finds that the

extension is appropriate.  Plaintiffs, however, should note that the Court will not grant another

extension absent exceptional circumstances.  Plaintiffs initiated this case almost a year ago and

filed the Second Amended Complaint over six months ago.  Accordingly, regardless of the number

of Defendants and the associated expense of service, this case must proceed.

### D.  Miscellaneous Requests

In the response to the Third Motion for Reconsideration, DCF argues that "[b]ased on the

conduct of Plaintiffs' counsel, there appears to be conduct for which the Local Rule 3.01(1)(g)(3)

sanction would be appropriate, due to the 'purposeful evasion of communication under this rule.'"

Doc. 93 at 11.  To the extent DCF seeks relief, the request is improper.  "A motion buried within

a response is improper, in violation of Local Rule 3.01(a), and will not be considered by the Court."

*Tmh Med. Servs. v. Nat's Union Fire Ins. Co.*, 2020 U.S. Dist. LEXIS 257392, at *5 n.1 (M.D. Fla.

July 29, 2020).  If DCF would like to pursue sanctions, then it must file an appropriate motion for

relief pursuant to Local Rule 3.01(a) and the Federal Rules of Civil Procedure.

Further, Defendant Kirsten Teany has filed a "Notice of Joinder to Defendant, OPD's

Response to Plaintiffs' Motion for Additional Time to Serve Remaining Defendants."  Doc. 100.

Defendant Teany, however, cites to no rule or law that permits her to "join" a motion.  *See id*.  If

Defendant Teany seeks relief, then she must file a motion in accordance with Local Rule 3.01(a)—

the Local Rules do not permit such joinder or incorporation.  *See* Local Rule 3.01(h) ("NO

INCORPORATION BY REFERENCE. A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief.").  As such, the Notice of Joinder is due to be stricken.

### III.    Conclusion

Based on the forgoing, it is **ORDERED** that:

1. Plaintiffs' Second and Third Motions for Reconsideration (Docs. 90, 91) are **DENIED**;

2. Plaintiffs' Motion for Extension (Doc. 97) is **GRANTED in part** to the extent that **on or before January 26, 2026**, Plaintiffs shall serve the unserved Defendants.  The remainder of the Motion (Doc. 97) is **DENIED**;

3. OPD's Second Motion to Compel (Doc. 99) is **GRANTED** to the extent that **on or before December 8, 2025**, Plaintiff Christian Campbell shall provide OPD with responses to the discovery requests at issue in the Motion (Doc. 99) without objections;

4. pursuant to Fed.R.Civ.P. 37(a)(5)(A), the Court finds that OPD is entitled to the reasonable expenses, including attorney fees, incurred in making the Motion (Doc. 99). Plaintiff Christian Campbell had an opportunity to be heard regarding the discovery requests and OPD's request for costs but provided no response to the Motion and, therefore, has made no argument to suggest that the failure to respond was substantially justified or that other circumstances make an award of expenses unjust.  If the parties cannot agree on an amount, then OPD may file a motion to quantify the expenses;

5. DCF's request for sanctions included within its Response (Doc. 93) is **DENIED without prejudice**. If DCF seeks relief, it must file an appropriate motion pursuant to Local Rule 3.01(a);[13] and

6. Defendant Teany's Notice of Joinder (Doc. 100) is **STRICKEN**.

**ORDERED** in Orlando, Florida on November 26, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[13] DCF complains that Plaintiffs' counsel refuses to confer regarding attorney fees and costs related to the Court's August 14, 2025 Order. Doc. 93 at 6. If DCF includes this allegation in support of the request for sanctions, DCF may present the claim in an appropriate motion filed pursuant to Local Rule 3.01(a). If DCF offers this information as it relates to the quantification of the amount due, DCF can present that information in a motion for quantification. *See* Doc. 82.